FILED
9:10
AUG 28 1978
FARLEY POWERS, JR., Cle-
Deputy C

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 78-418-N RB. |
| v.      ) | |
| ) | |
| CITY OF NORFOLK, a municipal  ) | COMPLAINT |
| corporation; NEAL WINDLEY,    ) | |
| Acting Fire Chief, City of    ) | |
| Norfolk Fire Department;      ) | |
| NORFOLK FIRE DEPARTMENT;      ) | |
| C. D. GRANT, Chief of Police, ) | |
| City of Norfolk Police Depart-) | |
| ment; NORFOLK POLICE DEPART-  ) | |
| MENT; ROBERT WHITE, WALTER    ) | |
| GREEN, and EARL W. WALKER, JR., ) | |
| Commissioners, City of Norfolk ) | |
| Civil Service Commission,     ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e et seq., the provisions of the State and Local Fiscal Assistance Act of 1972, (Pub. L. 92-512, 86 Stat. 919), 31 U.S.C. 1221 et seq., as amended, the provisions of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 42 U.S.C. 3766(c)(3); and for the purpose of protecting and enforcing rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

2. This Court has jurisdiction of this action under 42 U.S.C. 2000e-6(b); 31 U.S.C. 1242(c); 42 U.S.C. 3766(c)(3); 28 U.S.C. 1343(3); 28 U.S.C. 1343(4) and 28 U.S.C. 1345.

3. Defendant City of Norfolk is a municipality incorporated pursuant to the laws of the State of Virginia, and is a political subdivision of that state.

4. Defendant City of Norfolk is an employer within the meaning of 42 U.S.C. 2000e(b), as amended, and is a unit of local government within the meaning of 31 U.S.C. 1242(c) and 42 U.S.C. 3766(c)(3).

5. Defendant City of Norfolk employs approximately 627 police officers in its police department. Of the approximately 627 officers, 37 (5.9%) are black and 22 (3.5%) are women.

6. Defendant City of Norfolk employs approximately 432 firefighters in its fire department. Of the approximately 432 firefighters, 18 (4.2%) are black and 0 (0.0%) are women.

7. The defendant C.D. Grant is the Chief of Police of the Norfolk Police Department. In that capacity he is responsible for the administration and operation of the Norfolk Police Department, including filling all positions and promoting and assigning within the department.

8. The defendant Neal Windley is the Acting Chief of the Norfolk Fire Department. In that capacity he is responsible for the administration and operation of the Norfolk Fire Department, including filling all positions and promoting and assigning within the department.

9. The defendants Robert White, Walter Green and Earl W. Walker, Jr. are members of the City of Norfolk Civil Service Commission and as such are responsible for the administration and operation of the screening process for candidates seeking entrance into the Norfolk Fire and Police Departments.

10. The defendant City of Norfolk has received funds from the United States Department of Justice pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, as

amended, and has funded the activities of the Norfolk Police Department in part with such funds.

11.   The defendant City of Norfolk has received revenue sharing funds from the United States Treasury pursuant to the State and Local Fiscal Assistance Act of 1972, as amended, and has funded the activities of the Norfolk Fire and Police Departments in part with such Federal funds.

12.   The defendants and its officials have pursued and continue to pursue policies and practices that discriminate against blacks and women with respect to employment opportunities within the fire and police departments. The defendents and its officials have implemented these policies and practices, among other ways by:

      a.   Failing or refusing to recruit and hire blacks on an equal basis with whites.

      b.   Failing or refusing to recruit and hire women on an equal basis with men.

      c.   Utilizing qualifications, tests and other selection standards in its hiring for positions in the fire and police departments which have a disproportionately adverse impact on blacks and women, as compared to white males, despite the fact that these qualifications, tests and selection standards have not been shown to be required by the needs of the fire and police departments or predictive of successful job performance.

      d.   Failing or refusing to establish valid qualifications or other selection standards

-3-

     which are sufficiently objective to prevent continuing discrimination in hiring.

  e. Failing or refusing to take appropriate action to correct the present effects of past discriminatory policies and practices.

13. The acts and practices of the defendants and its officials described in paragraph 12, supra, constitute a pattern of resistance to the full enjoyment of the rights of blacks and women to equal employment opportunities in the City of Norfolk Fire and Police Departments. This pattern is of such a nature and is intended to deny the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended. The acts and practices are a pattern and practice in violation of the obligations imposed by Section 122(a) of the State and Local Fiscal Assistance Act of 1972, as amended, and by Section 518(c)(1) of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 42 U.S.C. 3766(c)(1), as well as rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

14. The defendants and its officials have failed and refused to take reasonable steps to eliminate the effects of their past discriminatory policies and practices. Unless restrained by order of this Court, the defendants and its officials will continue to pursue policies and practices the same as or similar to those alleged in this complaint.

WHEREFORE, the plaintiff prays that defendant City of Norfolk, its officials, agents, employees, and all persons and organizations in active concert or participation with them or any of them be preliminarily and permanently

enjoined from engaging in any discriminatory employment practice, or in any employment practice which operates to continue the effects of past discriminatory employment practices, based on race or sex in hiring for its fire and police departments, and further that they be preliminarily and permanently enjoined from:

 a. Failing or refusing to recruit and hire blacks for its fire and police departments on an equal basis with whites.

 b. Failing or refusing to recruit and hire women on an equal basis with men.

 c. Failing or refusing to eliminate qualifications, tests and other selection standards which have not been shown to be job related and which disproportionately exclude blacks and women from jobs in the fire and police departments.

 d. Failing or refusing to establish valid qualifications, tests or other selection standards which are sufficiently objective to prevent continuing discrimination in hiring for the fire and police departments.

 e. Failing or refusing to take appropriate measures to overcome the present effects of past discriminatory policies and practices including the following affirmative steps:

  (1) conducting a recruitment program designed to inform the black community and women of employment opportunities available in the fire and police departments;

(2) adopting and implementing goals for the hiring of qualified applicants for positions in the fire and police departments in sufficient numbers to overcome the effects of past discrimination;

(3) providing monetary compensation to any black or female applicant who has been unlawfully denied employment in the fire or police departments for the loss suffered as a result of such unlawful denial of employment; and

(4) taking such other reasonable action as is necessary to overcome the present and future effects of past discriminatory actions and practices.

Plaintiff further prays for such other and further relief as the interests of justice may require, and for its costs and disbursements herein.

*[signature]*
GRIFFIN B. BELL
Attorney General

*[signature]*
DREW S. DAYS III
Assistant Attorney General

*[signature: Larry W. Shelton for]*
WILLIAM B. CUMMINGS
United States Attorney

*[signatures: David L. Rose, James S. Angus]*

DAVID L. ROSE
JAMES S. ANGUS
MAIMON SCHWARZSCHILD
 Attorneys
 Department of Justice
 Washington, D.C. 20530

*Copy to City Attorney's office on 2/26/79.*