9:45 A.M.
FILED

AUG 28 1978

W. FARLEY POWERS, JR., Cler

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CIVIL ACTION NO. 78-418-N

CITY OF NORFOLK, et al,

    Defendants.

## CONSENT DECREE

The plaintiff, United States of America, has filed its complaint in this action alleging that the defendants are engaged in a pattern and practice of discriminatory employment practices in the Norfolk Fire and Police Departments on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., the State and Local Fiscal Assistance Act of 1972, as amended, 31 U.S.C. §1242, et seq., and the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 42 U.S.C. §3766.

The City denies that it has engaged in any practice of discrimination against blacks or women in violation of any federal statutes.

The City believes it has both a moral and legal obligation to act at all times in the best interests of all citizens and employees and therefore need not expend public funds for litigation nor risk community discord when there is a reasonable basis for amicable resolution, in a manner consistent with the affirmative action policies of the City.

It now appears to the Court that the parties have waived hearing, findings of fact and conclusions of law on all issues and have agreed to the entry of this Order. The consent of the parties shall in no manner constitute findings on the merits nor be construed as an admission by the defendants of any violation of the federal statutes which form the basis of this action.

It is therefore ORDERED, ADJUDGED and DECREED as follows:

## I. GENERAL

1. The defendant, City of Norfolk, its agents, employees, and all persons in active concert or participation with them or any of them in the performance of fire and police department functions (hereinafter referred to collectively as the fire and police departments or City) are enjoined from engaging in any act or practice of discrimination against any applicant for employment because of such individual's race or sex.

2. The City has developed and will continue to improve its affirmative recruitment program. The program shall inform blacks and women of job opportunities within the fire and police departments in order to secure enough qualified applicants to enable the City to meet the hiring objectives set out herein. The recruitment program shall include maintaining contacts with area high schools, technical and vocational schools, colleges, and organizations interested in minority recruitment. In addition, where appropriate, advertising for available employment opportunities shall be placed in media with a substantial black audience, to emphasize to blacks the availability of employment opportunities.

## II. GOALS

3. The City shall adopt and seek in good faith to achieve the long-term goals of this Decree, which are to employ qualified

-2-

blacks in its police and fire departments in numbers approximating their availability in the area labor force; and to employ women in its police and fire departments in numbers approximating their interest in and ability to qualify for positions in those departments.

4. In order to achieve the long-term goals for employment of blacks, and subject to the availability of qualified black applicants, the City shall seek, in good faith, on an interim, annual basis, to achieve the goal of hiring blacks for 20% of all entry-level positions of police officer and/or police cadet, and 30% of all entry-level firefighter positions for each of the five (5) years this Decree shall remain in effect. Such interim goals shall be deemed to have been met if at the end of the second, fourth and fifth years during which this Decree remains in effect, the aggregate number of new hires of blacks has been approximately equivalent to the interim annual hiring rates set forth above.

5. In order to achieve the long-term goal for employment of women in the police department, and subject to the availability of qualified women applicants, the City shall seek, in good faith, on an interim, annual basis, to hire women for 20% of all entry-level positions for police officer and/or police cadets. Such interim goal shall be deemed to have been met if at the end of the second, fourth and fifth years during which this Decree remains in effect, the aggregate number of new hires of women has been approximately equivalent to the interim, annual hiring rate set forth above. For the purposes of computation of these percentages, black women shall be included in the count of both blacks and women.

6. In no event shall the fire and police departments be required to hire any person who is not qualified; to hire an un-

qualified person in preference to another person who is qualified; or to hire a less qualified person in preference to a better qualified person under job-related qualification standards.

### III.  SELECTION PROCEDURES

7.  The City shall consider applications for employment in the fire and police departments from any person who meets the current criteria for any given position without regard to such person's race or sex.  No standards will be applied by the City unlawfully to exclude blacks and women from employment in these departments.

8.  In filling sworn personnel vacancies and in seeking to achieve the interim goals established herein, all applicants for employment shall be considered qualified if they meet the minimum qualifications under Section A below, and perform satisfactorily with regard to the selection standards identified in Sections B and C below:

    A.  Minimum Qualifications:

        (1)  Age - 21-30 (fire) 21-30 (police) at time of appointment;

        (2)  Possession of high school diploma or equivalency; (See Paragraph 8.B.)

        (3)  Possession of valid driver's license prior to appointment; and

        (4)  Vision requirement of 20/50 in each eye uncorrected.

    B.  Written Test:

In determining the availability of qualified applicants for sworn personnel vacancies, the City may administer

its present written test, but the use of such test shall not be a valid basis for failure to meet the interim goals set out in paragraphs 4 and 5 of Section II, supra.  Likewise, the City may require that applicants for firefighter positions possess a high school diploma or equivalent, but the implementation of this requirement shall not be a valid basis for failure to meet the interim goals set out in paragraphs 4 and 5 of Section II, supra.

    C.  Additional Permissible Selection Standards:

        (1)  Background investigation -- Black and women applicants shall not be rejected on the basis of any investigative information which has a substantially disproportionate impact on blacks or women and is not shown to be job related;

        (2)  Strength/agility test.

        (3)  Interview board -- No oral interview shall be conducted with respect to blacks or women in any manner other than the manner in which it is conducted as to other employees;

        (4)  Psychological test.

        (5)  Physical examination.

        (6)  Polygraph test.

9.  Any criterion used for employment by the fire and police departments which has an adverse impact on black or women applicants, as defined by the Federal Executive Agency Guidelines on Employee Selection Procedures, 28 C.F.R. §50.14, or as amended, shall be validated in accordance with those Guidelines prior to its use in the selection process.  Notwithstanding the foregoing, this provision shall not preclude the City from submitting evidence

to the Court that a selection criterion meets professional standards for validity and should therefore be sustained by the Court. In the event the parties disagree over whether the evidence of validity is sufficient to meet the requirements of this provision, the issue of validity shall be presented to the Court for resolution, and the selection procedure shall not be used unless the Court determines that it has been properly validated.

10. In order to support the implementation of this Decree, the following records, summaries thereof or statistics therefrom, if requested, shall be made available to the Department of Justice for inspection, or copies of such records, summaries or statistics shall be furnished to the Department of Justice, upon written request.

   a. Documentation of all recruitment efforts directed toward blacks and women.

   b. All written applications and related records for all persons seeking employment with the fire and police departments, with identification of the applicants by race and sex.

   c. Pass/fail results by race and sex for all selection standards administered by the fire and police departments and the selection results for the total.

   d. All written communications between the fire and police departments and applicants for employment.

11. Within ninety (90) days after the entry of this Decree and the following December 31 of each of the subsequent five years, the City shall provide the United States to the attention of Chief, Employment Section, Civil Rights Division, Department of Justice, Washington, D. C., 20530, the following:

   a. A summary showing the total racial and sex makeup of the fire and police departments and a breakdown for each uniformed job classification.

-6-

    b. A report showing the number of entry-level positions in the fire and police departments for which blacks and women have applied, the dates of such applications and whether or not such applications were successful. The report shall also show the number of any such positions which blacks and women have been offered but which they refused, showing both the job offered and the dates thereof.

    c. The number of newly hired employees in the fire and police departments by job classification indicating the race and sex of each since the last report was filed.

## V.  JURISDICTION

   12. The Court retains jurisdiction of this action for such further orders as may be appropriate. At any time after five years subsequent to the date of the entry of this Consent Decree, the City may move the Court, upon 45 days notice to the plaintiff, for dissolution of this decree, and the Court will dissolve the decree if the City has substantially complied with the interim hiring goals set out in Paragraphs 4 and 5 of Section II. At any time, the City may move the Court, upon 45 days notice to the plaintiff, for dissolution of this decree with respect to a department if the City has achieved a racial composition of sworn personnel in that department equal to 50% of that department's interim goal.

   Dated August, 28th 1978.

                /s/ Richard Kellam
                United States District Judge

/s/ James S. Angus
James S. Angus
Maimon Schwarzschild
Attorneys
Civil Rights Division
Department of Justice
Washington, D. C. 20530

WILLIAM B. CUMMINGS
United States Attorney

By /s/ Larry W. Shelton
  Assistant United States Attorney

-7-

_____
Philip R. Trapani
City Attorney,
City of Norfolk

Copies to counsel. 8-28-78 RB.
OB