IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF NORFOLK, VIRGINIA,<br><br>　　Defendant. | Case No.  2:78-cv-418 |

# ORDER

　　The United States filed an unopposed motion to dissolve and vacate a 47-year-old consent decree against the City of Norfolk. ECF No. 5. For the reasons explained below, the motion will be **GRANTED**.

　　The consent decree—entered in 1978—was the result of a civil rights lawsuit filed by the United States, alleging employment discrimination against Black people and women in the Norfolk Police and Fire Departments. ECF No. 6 at 1–2. The consent decree imposed both long-term and interim hiring and recruitment quotas on the departments, with federal oversight to ensure compliance. ECF No. 3 ¶¶ 1–10. For the initial five years, those interim goals included: hiring Black people for 20% of all entry-level police officer positions and 30% of all entry-level firefighter positions, and, for women, 20% of all entry-level police officer positions. *Id.* ¶¶ 4–5. The City has complied and met the requested employment goals. ECF No. 6 at 7.

　　Pursuant to Fed. R. Civ. P. 60(b)(5), a court may relieve a party from a judgment when (1) the judgment has been satisfied; (2) it is based on an earlier

judgment that has been reversed or vacated; or (3) applying it prospectively is no longer equitable.

In terminating a consent decree, the court must consider the flexible two-prong test set out in *Rufo v. Inmates of the Suffolk Cnty. Jail*, 502 U.S. 367 (1992). A party seeking modification of a consent decree must first "show[] a significant change either in factual conditions or in law." *Id.* at 384. Provided that the party meets this initial burden, the court must then determine whether the proposed modification of the consent decree is "suitably tailored to the changed circumstance." *Id.* at 391. *See e.g.*, *Gilmore v. Hous. Auth. of Balt. City*, 170 F.3d 428 (4th Cir. 1999).

The United States's motion establishes that there have been significant changes in both the factual circumstances since the original judgment was entered, such that the consent decree is no longer needed.

Pursuant to Fed. R. Civ. P. 60(b)(5), the judgment has been satisfied. The consent decree's provisions permitted the City to move for dissolution of the entire decree as to a particular department "if the City has achieved a racial composition of sworn personnel in that department equal to 50% of that department's interim goal" for entry level positions. ECF No. 3 ¶ 12. The United States affirms that both departments have exceeded the interim and long-term employment goals and that the City has substantially changed its employment practices since 1978. ECF No. 6 at 5–6. The City has also shown "substantial compliance" and engaged in "good faith" efforts regarding lawful hiring practices, such as specific outreach efforts designed to expand the pool of Black and women applicants and timely fulfilling the United

States's monitoring-related requests. ECF No. 6 at 7. The basic purpose of the consent decree has been achieved.

The 1978 consent decree has served its purpose, and its continued enforcement is no longer necessary. Therefore, vacatur is "suitably tailored to the changed circumstances." *Rufo*, 502 U.S. at 391.

Accordingly, the United States's Motion to Dissolve Consent Decree (ECF No. 5) is **GRANTED**.

The 1978 Consent Decree (ECF No. 3) is **DISSOLVED** and **VACATED**.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 11, 2025